UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARTON FARRIS WEST,<br><br>Petitioner,<br><br>v.<br><br>SHAWN HATTON, et al.,<br><br>Respondent. | Case No. 17-cv-01440-PJH<br><br>**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND FOR RESPONDENT TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 2, 6 |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Lake County which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

Petitioner states his case involves an incident where he was driving while intoxicated and was in a car accident where an individual was killed. Petition at 41. Petitioner pleaded nolo contedere to murder and he states that he had a prior serious felony. *Id.* He was sentenced on April 25, 2011, to fifteen years to life plus five years. Petition at 1. He did not appeal his case but filed a habeas petition in the California Supreme Court on January 11, 2017, that was denied on February 15, 2017. Petition at 2-3, 10, 12

## DISCUSSION

### STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

Petitioner's sole ground for federal habeas relief asserts that the California second degree felony murder law is constitutionally invalid pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Johnson* was found to be retroactive on collateral review in *Welch v. United States*, 136 S.Ct. 1257 (2016). Liberally construed, this claim is sufficient to require a response.[1]

**CONCLUSION**

1.   Petitioner's motion for leave to proceed in forma pauperis (Docket Nos. 2, 6) is **GRANTED**.

2.   The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

---

[1] While *Johnson* involved the federal Armed Career Criminal Act, there is at least a colorable argument that the rational applies to California's law. *See Renteria v. Asunsion,* 2016 WL 7336558, at *3 (C.D. Cal. 2016); *Why California's Second-Degree Felony-Murder Rule is Now Void for Vagueness*, 43 Hastings Const. L.Q. 1 (Fall 2015).

3. Respondent shall file with the court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: April 17, 2017

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2017\2017_01440_West_v_Hatton_(PSP)\17-cv-01440-PJH-osc.docx

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARTON FARRIS WEST,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SHAWN HATTON, et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-01440-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 17, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Barton Farris West
Correctional Training Facility (CTF)
P.O. Box 689
Soledad, CA 93960-0689

Dated: April 17, 2017

　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　Kelly Collins, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　Honorable PHYLLIS J. HAMILTON