UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BARTON FARRIS WEST,

    Petitioner,

v.

SHAWN HATTON,

    Respondent.

Case No. 17-cv-01440-PJH

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**

Re: Dkt. No. 8

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the ground that the petition is barred by the statute of limitations. Petitioner filed an opposition and respondent filed a reply. For the reasons that follow, the motion to dismiss is granted.[1]

**DISCUSSION**

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing;

---

[1] Petitioner's opposition only addresses the underlying claims of the petition, not the timeliness raised by respondent in the motion to dismiss. The court has still liberally construed the petition and opposition in analyzing the timeliness of the petition.

(C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

The one-year period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

On March 28, 2011, petitioner pleaded no contest to second degree murder and admitted a prior serious felony conviction. Motion to Dismiss ("MTD") EX. A. On April 25, 2011, petitioner was sentenced to twenty years to life in prison. *Id.* He did not appeal the conviction. On January 1, 2017, petitioner filed a habeas petition with the California Supreme Court. Petition at 12, 26.[2] The petition was denied without comment or citation on February 15, 2017. *Id.* at 10. This federal petition was filed on February 27, 2017. *Id.* at 43.

Petitioner's one-year limitations period began to run in 2011, when his conviction became final, and expired in 2012. *See* 28 U.S.C. § 2244(d)(1). The instant federal petition filed in 2017 is untimely absent tolling. Petitioner's state habeas petition, also filed in 2017, was filed after the expiration of the statute of limitations. Petitioner will not receive statutory tolling for this petition because it was filed after the expiration of the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended

---

[2] The court affords petitioner application of the mailbox rule as to all his habeas filings. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

2

1 before the state petition was filed," even if the state petition was timely filed). Thus, this
2 petition is untimely.

3 It appears from the petition that petitioner argues for a delayed commencement of the limitations period pursuant to § 2244(d)(1)(C). Under § 2244(d)(1)(C), the one-year limitations period starts on the date on which "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner's sole ground for federal habeas relief asserts that the California second degree felony murder law is constitutionally invalid pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* was found to be retroactive on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016).

Even assuming that *Johnson* applied to petitioner's conviction, the instant federal petition is still untimely. *Johnson* was decided on June 26, 2015, so petitioner would need to have filed the petition by June 26, 2016. The petition was not filed until February 27, 2017. Despite being provided several extensions to file an opposition, petitioner has failed to explain why this petition was filed late. Nor does the statute of limitations commence when the Supreme Court decided *Welch*, which stated that *Johnson* was retroactive on collateral review. In *Dodd v. United States*, 545 U.S. 353 (2005), the Supreme Court held that the limitations period runs from the date of the decision announcing the substantive right, not the later date on which the right is declared to be retroactive. *Id.* at 357, 360. The Court was considering the language from § 2255(f)(3) which is nearly identical to § 2244(d)(1)(C). *Id.*; *accord Johnson v. Robert*, 431 F.3d 992, 992-93 (7th Cir. 2005) (applying *Dodd* to § 2244(d)(1)(C)).

Nor would the petition be timely under § 2244(d)(1)(D), i.e., if the limitations period started on the date when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The time begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3

3

(9th Cir. 2001) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)) (remanding case to district court for further factual findings to determine when, with exercise of due diligence, petitioner could have discovered facts to support prejudice prong of IAC claim). Petitioner could have discovered the existence of a Supreme Court case had he exercised due diligence after *Johnson* was issued. For all these reasons, the petition is untimely.

**CONCLUSION**

Respondent's motion to dismiss (Docket No. 8) is **GRANTED**. The petition is **DISMISSED**. The clerk shall close the file.

**APPEALABILITY**

The federal rules governing habeas cases brought by state prisoners require a district court that enters a final order adverse to the petitioner to grant or deny a certificate of appealability ("COA") in the order. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can

4

dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

Here, the court declines to issue a COA regarding the procedural holding or the underlying claim because reasonable jurists would not find the court's findings debatable. The court therefore **DENIES** a COA.

**IT IS SO ORDERED.**

Dated: September 27, 2017

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2017\2017_01440_West_v_Hatton_(PSP)\17-cv-01440-PJH-mtd.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARTON FARRIS WEST,<br>　　　　　Plaintiff,<br>　　v.<br>SHAWN HATTON, et al.,<br>　　　　　Defendants. | Case No. 17-cv-01440-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 27, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Barton Farris West
Correctional Training Facility (CTF)
P.O. Box 689
Soledad, CA 93960-0689

Dated: September 27, 2017

　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　By:____*Kelly Collins*____
　　　　　　　　　　　　　　　　　Kelly Collins, Deputy Clerk to the
　　　　　　　　　　　　　　　　　Honorable PHYLLIS J. HAMILTON